FRANK J. CALDERONE  NO. 8634

VS COURT OF APPEAL

AMERICAN AUTOMOBILE INSURANCE CO. ) PARISH OF ORLEANS

- - -

WILLIAM A. BELL, JUDGE.

- - -

APRIL 16, 1923.

Court of Appeal
PARISH OF ORLEANS
FILED April 16/23.
H. P. Stansbury

BY WILLIAM A. BELL, Judge.

Plaintiff herein seeks recovery in the sum of $1869.25 from the defendant insurance company under a policy covering loss or damage to his automobile by "collision with any other automobile, vehicle or object." The cause of the accident and extent of the damages sustained are the only facts in dispute. The cause as finally alleged in plaintiff's supplemental petition is collision of his car with a rut from the street or road-bed over which he was traveling. Defendant denies that there was such a collision with such an object, and avers that though this appeared to be proven as the cause of the accident, that the so-called collision is not such which constitutes a collision within the terms, meaning and contendment of the policy sued upon. Further answering, defendant denies that the damages sustained were to the extent finally claimed in the supplemental petition.

The evidence shows that the car was completely overturned or "upset" and was extensively damaged; that at the time of the accident there were three persons in the car, all of whom were the sole witnesses to the accident. In filing with the defendant company a notice of the accident as required by the terms of the policy, plaintiff made and signed the following written declaration, which we quote in part:

"Overtook a truck, which we proceeded to pass. Rear wheel of my car got in ditch and caused me to lose control of car, which overturned.

"(Signed) F. J. Calderone."

In making proof of loss, as another requirement under the policy, plaintiff made, signed and swore to the following facts:

"As I was driving my automobile on the west bank of the river, on the Algiers road, at a speed of about 15 miles an hour, I noticed an automobile coming in the opposite direction, at the rate of about 30 miles an hour. When the automobile was about to pass me, I tried to get a firmer grip on the road and the automobile skidded into the ditch, and on coming up the other bank turned completely over, wrecking my automobile. The automobile that was coming in the other direction continued, although

> the people in it saw what happened to my automobile.
> Although I have used every effort, I have been unabl..
> to find out to whom this automobile belonged. It was
> a two-ton truck, but I do not know of what make."

After filing his original petition and only after being ordered by
the trial court to supplement his original declarations with more
definite averments as to the object with which he claims to have col-
lided, did plaintiff venture as a definite cause for the accident the
allegation that his car had collided with a "rut" in the street or
road-bed. If this was the proximate and dominant cause of the acci-
dent, we are unable to conceive why this outstanding fact should
have been totally disregarded by claimant or even carelessly omitted
in the preparation of both the notice of the accident and the sworn
proof of loss.

While avering in his original petition the fact that his
car struck an object in the street, he further declares:

> "And in order to prevent his car from falling
> into said ditch, petitioner turned his car with prompt-
> ness and energy almost straight across the middle of
> the street, and in so doing, the car turned upside down."

Our appreciation of the evidence leads us to the conclusion from
plaintiff's attempt to clear his rapidly moving car from collision
with the truck passing him in or near the curve in the road-way, that
the resultant rapid change of direction given to his own car, caused
it to be turned upside-down. Plaintiff's belated theory as to the
collision with the rut in the road being the cause of the accident,
is only supported with positiveness in his own testimony. One of his
other two witnesses has failed to verify this fact in any way, while
the other testifies, in accounting for the accident, that "the car
must have hit a rut and in so doing completely turned over." No one
but plaintiff himself has testified to having seen any rut or obstruc-
tion in the road-way. Assuming that conclusive proof had been made
of such a fact, there is nothing to convince us of a collision with
such an object. However liberal the text writers or courts may be

towards construing such contracts of insurance in favor of the insured rather than the insurer, we are not able to hold that the words of the policy before us covering collision "with any other object" could, under a most liberal construction, embrace such conditions as are contended for in the instant case. The word "rut" in its most usual and popular significance implies that which is depressed beneath the surface and not what is visible, obstructive or tangible:

> "RUT: A sunken track made by wheel or worn by constant passing and re-passing of wheeled vehicles; hence, a groove forming a path for anything." (Standard Dictionary).

We are unable to find from the evidence any conclusive fact that plaintiff's car was either precipitated into or collided with the so-called "rut," nor does any of the testimony justify our holding that such was an object, collision with which would give rise to liability under the policy. From examination of the decisions of other States cited by counsel for plaintiff, we note authority for the ruling that the words "collision with an object" embraces both perpendicular and horizontal objects, including the flat earth or a body of water, but in these cases the resulting damages arose from initial collision with another object leading to the final contact or collision with such bodies of earth or water. Berry on Automobiles, 3rd Ed., page 1519, paragraph 1723, in discussing these cases proceeds further to say:

> "It has been held that the driving of an automobile into a hole six or seven inches deep and eighteen inches wide between car tracks, in a city street, is not such a 'collision with an object' as is contemplated by the parties to an insurance policy containing a collision clause."

Dougherty v. Insurance Co., 38 Pa.,Co.,Ct., 119.

We have not been referred to nor have we found in our State's jurisprudence any cases similar to the one now under consideration. In the case of Wettengel v. United States Lloyds, 157 Wis., 433, 147 N.W., 360, where a clause in the policy covered damage to automobile and equipment by being in collision with any other automo-

bile, vehicle or object, and excluding damages caused by striking any portion of the road-bed or by striking the rails or ties of street, steam or electric railroads, etc. In the policy before us there is no provision excluding or including a collision with any portion of a road-bed. In the case cited, the Court said:

> "This accident is so obviously outside of the collision stipulation of the policy that discussion seems superfluous. In order to bring the case within the policy there must have been: First, a collision; second, the collision must have been with another automobile, vehicle or somewhat similar object ejusdem generis, and, third, it must not have been with any portion of the road-bed, meaning the ground on which the machine was running or attempting to run. No such condition was shown as that insured against."

We think in the instant case, as in the one just cited, the accident is obviously outside of the specific conditions covered by the policy.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the judgment herein appealed from be and the same is hereby affirmed at plaintiff's costs in both courts.

JUDGMENT AFFIRMED.                                        APRIL 16, 1923.