was verified several days prior to the time it was served with the summons does not necessitate that it should be regarded as an unverified pleading.

Order reversed, and judgment vacated, and new trial ordered, with costs to abide the event, upon condition that, within five ·days after service of a copy of the order entered herewith and notice of entry thereof, the defendant pay the costs of the action to date and deposit the amount of the judgment in the court below, or by giving an undertaking in accordance with the provisions of section 256 of the Municipal Court Act (Laws·1902, c. 580); otherwise, order affirmed, with costs. All concur.

---

(80 Misc. Rep. 522.)

HARDENBERGH v. EMPLOYERS' LIABILITY ASSUR. CORPORATION, Limited.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

1. INSURANCE (§ 665*)—ACTIONS—SUFFICIENCY OF EVIDENCE.

Evidence that an automobile, while on a road, the sides of which sloped from the edge of the macadam roadbed at an angle of 30 to 45 degrees into a deep ditch, was turned upon the side of the ditch to pass an approaching vehicle, that the hind wheels skidded, throwing the rear of the machine further into the ditch than the front wheels, that in attempting to regain the road the right front wheel collapsed, that the wheels that left the road sunk three or four inches into the earth, and that the spokes of the right front wheel were broken off at the hub, and the tire ·was intact, did not establish a right of action under a policy insuring the automobile against damages caused by collision with another object, either moving or stationary, since it failed to show a collision, but seemed to negative such theory, and the court could not speculate as· to the cause of the collapse.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1555, 1707–1728; Dec. Dig. § 665.*]

2. INSURANCE (§ 646*)—ACTIONS—BURDEN OF PROOF.

In an action on a policy insuring an automobile against damage caused solely by collision with another object, either moving or stationary, the burden was on plaintiff to prove that the damage sustained was the result of a collision with some object, moving or stationary.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1555, 1645–1668; Dec. Dig. § 646.*]

3. INSURANCE (§ 146*)—CONSTRUING POLICY AGAINST INSURER.

The rule that a policy is to be construed most strictly against the insurer applies only to its language, and not to the facts of the case.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 292, 294–298; Dec. Dig. § 146.*]

Appeal from City Court of New York, Trial Term.

Action by William P. Hardenbergh against the Employers' Liability Assurance Corporation, Limited. From a judgment on a directed verdict for plaintiff, and from an order (78 Misc. Rep. 105, 138 N. Y. Supp. 662) denying a motion to set aside the verdict, and for a new trial, defendant appeals. Reversed, and complaint dismissed.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Bertrand L. Pettigrew, of New York City, for appellant.
Clifford C. Roberts, of New York City, for respondent.

PAGE, J.   The action is upon an insurance policy to recover damages to an automobile.   That portion of the policy upon which the recovery was based provides:

"This policy * * * is extended to indemnify the assured against loss or damage to * * * the automobiles herein described, * * * if caused solely by collision with another object, either moving or stationary (excluding, however, * * * all loss or damage caused by striking any portion of the roadbed, or by striking street or steam railway rails or ties, and all loss or damage caused by the upset of the insured automobile, unless such upset is a direct result of such collision as is covered hereby)."

The automobile which was injured was running along a road in New Jersey.   In this instance the side of the road sloped from the edge of the macadam roadbed at an angle of 30 to 45 degrees into a deep ditch. At a turn in the road the machine met a horse and wagon approaching from an opposite direction.   The automobile turned out of the road upon the side of the ditch, the hind wheels "skidding" on the turn, thus throwing the rear of the machine further into the ditch than the front wheels.   In attempting to regain the road the right-hand front wheel collapsed, and the automobile turned over twice, and was badly broken and seriously damaged.

[1, 2] The burden rested upon the plaintiff to prove that the damage sustained was the result of collision with some "object, either moving or stationary."   Proof was given of the above facts, and the court inferred that there must have been a collision.   There was no evidence given of the existence of any object with which the automobile did or could have come into collision.   If we are to speculate upon the causes of the injuries to the machine, the facts point more strongly to the collapse of the wheel from strain than from collision.   It was shown that the earth was soft on the side of the ditch, and the wheels that left the road sunk three or four inches into the earth.   The spokes of the right front wheel were all broken off at the hub.   The tire was intact.   As the machine was tipped to the right by the slope of the bank, the weight would largely rest upon that wheel.   The skidding of the rear wheels would place a great strain upon the right front wheel, sunk three or four inches in dirt.   The condition of the front wheel would seem to negative the theory of collision.   Could the tire withstand a blow so violent as to break every spoke on the wheel?   But the court should not have speculated on the cause of the collapse of the wheel.   That should have been proved.

[3] The rule that the policy is to be construed most strongly against the defendant, invoked by the plaintiff, is applicable to the language of the policy, and not to the facts of the case.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.   All concur.