## HANVEY v. GEORGIA LIFE INSURANCE COMPANY.

The petition in this case was not subject to general demurrer.
### FEBRUARY 23, 1914.

Action upon insurance policy.   Before Judge Hammond.   Richmond superior court.   October 5, 1912.

*C. E. Dunbar,* for plaintiff.   *Archibald Blackshear,* for defendant.

HILL, J.   George Hanvey brought suit against the Georgia Life Insurance Company, to recover an amount alleged to have been expended by him for repairing damages to an automobile.   The action was based on a contract of insurance.   Plaintiff averred, "That under said policy, and especially under the following part of Clause Two thereof, to wit: 'Clause Two.   Damage to Automobiles of Assured.   Against loss or damage to any automobile herein described, including its operating equipment while attached thereto, if sustained within the period covered by this Policy and if caused solely by collision with another object, either moving or stationary,'" he had sustained the loss sued for.   He further averred, "That on or about April 25th, 1911, plaintiff, while himself operating the automobile covered by said policy, sustained damages to the same caused solely by collision with another object, the same being the bank or side of the ditch on what is known as the Sand Bar Ferry Road,   .   .   said automobile leaving the road-bed of said Sand Bar Ferry Road and running into the ditch on the side of said road and into the bank on the farther side of said ditch, and turning over."   A copy of the policy sued on was attached to the petition and marked "Exhibit A."   Clause Two of the policy, immediately following the language above quoted, and as a part of the same sentence, contained the following words: "excluding, however, ,   .   .   all loss or damage caused by striking any portion of the road-bed or any impediment consequent upon the condition thereof."   The defendant, after demurring on the ground that no cause of action was stated, and that there was no allegation in the petition entitling the plaintiff to recover, proceeded as follows: "Specially demurring, this defendant says:   That it affirmatively appears from the allegations made in the petition of plaintiff, and from 'Exhibit A,' attached to plaintiff's petition, that the defendant is not liable in damage, nor indebted to the plaintiff in any sum whatsoever."   While the defendant denominates the language

quoted as being a special demurrer, it is in reality a general demurrer, as it challenges the right of the plaintiff to recover at all upon the case alleged. The court sustained the demurrer, and the plaintiff excepted.

If, taking the policy which is attached to the petition and upon which the suit is based, and comparing its provisions with the facts alleged in the petition, it should appear by reason of any one or more clauses contained in the policy, as applied to the facts alleged, that the plaintiff is not entitled to recover, then the court properly sustained the demurrer. If, on the other hand, a comparison of the facts alleged with the provisions of the policy does not disclose such facts as bring the alleged cause of action within the risks excluded or excepted, but the question whether or not they do so fall depends upon facts not alleged which the defendant contends made the accident a risk not accepted, it becomes a matter for pleading and proof on the part of the defendant, and does not constitute good ground for dismissing the case on demurrer. Applying these principles to the present case, the plaintiff alleged that the policy insured him against loss from collision with a moving or stationary object. He alleged that his automobile left the *road-bed,* and, after crossing a ditch on the side of the road, collided with the embankment on the farther side of the ditch. The demurrer admits the facts as pleaded, if well pleaded. When the plaintiff averred that he had left the road-bed, we do not think we can say, as a matter of law, that he alleged facts 'which show that the accident fell within the exception, "excluding, however, . . all loss or damage caused by striking any portion of the road-bed or any impediment consequent upon the condition thereof." The petition was not subject to general demurrer.

*Judgment reversed. All the Justices concur.*