WETTENGEL, Respondent, vs. UNITED STATES "LLOYDS,"
Appellant.

*May 5—May 21, 1914.*

*Insurance: Automobiles: Collision.*

Damage to an automobile caused by its running off the main road
and down a bank into a river was not covered by a policy in-
suring against damage "by being in collision . . . with any other
automobile, vehicle or object, excluding . . . damage caused by
striking any portion of the roadbed."

APPEAL from a judgment of the municipal court of Outa-
gamie county: THOMAS H. RYAN, Judge. *Reversed.*

For the appellant there was a brief by *Lines, Spooner, Ellis
& Quarles,* and oral argument by *C. B. Quarles.*

For the respondent the cause was submitted on the brief
of *Julius P. Frank.*

TIMLIN, J.    The respondent had from the appellant a
policy of insurance against loss or damage by fire covering
an automobile.   This policy carried the following rider or
slip attached:

"In consideration of an additional premium of $36 this
policy also covers, subject to its other conditions, damage to
the automobile and equipment . . . by being in collision
during the period insured with any other automobile, vehicle
or object, excluding . . . damage caused by striking any
portion of the roadbed or by striking the rails or ties of
street, steam or electric railroads," etc.

The evidence showed without contradiction that during the
period of insurance and on October 11, 1912, with consent
of the respondent, this automobile was being used by an agent
of the respondent for pleasure riding at night, and that this
agent by accident ran the automobile off the main road and
down a bank of three or four feet into the river, causing dam-
age to the car.   The municipal court found that the automo-
bile was damaged in a collision by being precipitated into
the East river in the city of Green Bay.

This accident is so obviously outside of the quoted stipulation of the policy that discussion seems superfluous. In order to bring the case within the policy there must have been, first, a collision; second, the collision must have been with another automobile, vehicle, or somewhat similar object, *ejusdem generis;* and third, it must not have been with any portion of the roadbed, meaning the ground on which the machine was running or attempting to run. No such collision was shown as that insured against.

In *Harris v. American C. Co.* 83 N. J. Law, 641, 85 Atl. 194, 44 L. R. A. N. s. 70, the policy was different. In this court that decision has merely advisory value, and we are disposed to doubt its soundness even upon the different contract there in question.

*By the Court.*—Judgment reversed, and the cause remanded with directions to dismiss the complaint.