6112.  GIBSON *v.* GEORGIA LIFE INSURANCE COMPANY.

The curbing or curbstone of a street is such a "portion of the road-bed" and such an "impediment consequent upon the condition thereof" as to preclude one whose automobile has been damaged by collision with it from recovering therefor upon a policy insuring the automobile against loss or damage "caused solely by collision with another object, either moving or stationary," but "excluding . . . all loss or damage caused by striking any portion of the road-bed or any impediment consequent upon the condition thereof."

DECIDED SEPTEMBER 9, 1915.

Action on insurance policy; from city court of Macon—Judge Hodges.  September 25, 1914.

*Robert W. Barnes,* for plaintiff.  *Harris & Harris,* for defendant.

RUSSELL, C. J.  The petition in the present case deals with just such a policy of insurance as is dealt with and quoted from in the case of *Hanvey* v. *Georgia Life Insurance Co.,* 141 *Ga.* 389 (81 S. E. 206).  The only clause of the policy that it is necessary to consider in the present case is that which insures "against loss or damage to any automobile herein described, including its operating equipment while attached thereto, if sustained within the period covered by this policy and if caused solely by collision with another object, either moving or stationary excluding, however, . . . all loss or damage caused by striking any portion of the road-bed or any impediment consequent upon the condition thereof."  Dr. Gibson, in his petition, presents a different case, however, from that presented in that case, in that the object with which it is alleged his automobile came into contact or collision was the curbing along Spring street in the city of Macon.  By an amendment to the petition it is alleged, "that said curbstone is laid as the extreme border line of the roadway proper, and part of which

is underground and part of which is exposed above ground, running parallel with the roadway; that said curbstone is of granite, and petitioner is informed and believes that the same was so placed by the municipal authorities of the city of Macon, said State and county, in order to keep the roadway from becoming injured or damaged by the washing out of said roadway by rainfall, and that, so placed, the said curbstone was not a transitory object." The defendant demurred to the petition, on the grounds, that it set forth no cause of action; that it did not appear that the plaintiff's damage was caused solely by collision such as was insured against; and upon other grounds, both general and special. The trial judge sustained the demurrer and dismissed the action; and to this judgment the plaintiff excepted.·

The only question made by the record is whether the curbing or curbstone with which the plaintiff's car collided is or is not such a portion of the road-bed or roadway as the policy excepts as not being insured against. In *Hanvey's* case, supra, the petition alleged that the automobile left the road-bed, and after crossing a ditch on the side of the road, collided with the bank on the farther side of the ditch. The court in that case said (p. 390): "When the plaintiff averred that he had left the road-bed, we do not think we can say, as a matter of law, that he alleged facts which show that the accident fell within the exception, 'excluding, however, . . all loss or damage caused by striking any portion of the road-bed or any impediment consequent upon the condition thereof'." The facts alleged in the present case differ from those in the case just quoted from. If the curbstone or curbing is a part of the street or roadway, then the plaintiff could not say that he had left the road-bed when he collided with the curbstone. We think the point that the allegations of this petition present an exemption from liability under the contract of insurance is well taken. To our minds a curbing or curbstone along a street might easily be denominated, and is, both a "portion of the road-bed" and an "impediment consequent upon the condition thereof," and both of these are exceptions and not insured against. The presence of a curbstone along a highway indicates merely an improved or modernized highway. It is as much a part thereof as the steeple might be of a church, or as that extremity of a horse with which he drives away flies "in the good old summer time"

·is a part of the horse. As was well held by the trial judge, the curbing may not in all cases be an actual necessity, but it is there, and a part thereof, just the same. A curbstone is a stone placed against earth, brick, or stonework to prevent it from falling out or spreading. (Century Dictionary.) It would appear, therefore, that even if such a curbstone be not "a part of the roadway," it is necessarily an "impediment consequent upon the condition thereof." If the condition of a road or street requires that a curbstone be placed along it to prevent washing or wearing away, or to afford any other protection the roadway might require on account of the peculiar situation or condition of the road or street, can it be said that the curbstone, if it is an impediment at all, is not an impediment consequent upon the condition of the highway? We think not. In either case insurance against collision with the curbstone is excepted under the policy.

The court did not err in sustaining the demurrer.

*Judgment affirmed.*