[No. 12852.   Department One.   January 6, 1916.]

### H. C. STUHT et al., *Respondents,* v. UNITED STATES FIDELITY & GUARANTY COMPANY, *Appellant.*[1]

INSURANCE—ACCIDENTS—AUTOMOBILE INSURANCE—POLICY—LOSSES
COVERED.   Under an automobile insurance policy covering losses by
collision, which expressly excluded damages from the upset of the
automobile unless such upset was a direct result of a collision, there
can be no recovery for damages to a car which, in coming down a
steep grade at a rapid rate of speed, got out of the road on a sharp
turn and upset on the brink of a hill without colliding with any-
thing and went down the hill and there collided with a tree.

Appeal from a judgment of the superior court for King
county, Frater, J., entered January 12, 1915, upon the ver-
dict of a jury rendered in favor of the plaintiffs, in an action
on an automobile insurance policy.   Reversed.

*Shepard, Burkheimer & Burkheimer,* for appellant.

*Vince H. Faben,* for respondents.

[1]Reported in 154 Pac. 137.

MOUNT, J.—This is an action upon a policy of automobile insurance. The complaint, after setting out the terms of the policy, alleged that, on August 9, 1913, the insured automobile was wrecked and destroyed through a collision between the automobile and the wooden planking constituting a portion of the sluice box at the side of the roadway and projecting into the highway, and by striking and colliding with a tree near the roadway, and striking violently the ground near the roadway then being traveled by the machine, to the damage of the plaintiff in the sum of $1,000.

The amended answer of the defendant admitted the issuance of the policy, but denied all the other allegations of the complaint; and alleged two affirmative defenses, which it will not be necessary to notice. The case was tried to the court and a jury. At the conclusion of the plaintiff's evidence, the defendant moved the court for a directed verdict, and again made the same motion at the close of all the evidence. Finally, after a verdict was returned by the jury, a motion was made for judgment notwithstanding the verdict. These motions were all denied, and a judgment was entered upon the verdict. The defendant has appealed.

We are satisfied that these motions should have been granted. The policy sued upon insures the plaintiff against damage to his automobile "if caused solely by collision with another object, either moving or stationary (excluding, however, all loss or damage by fire from any cause whatsoever; all loss or damage caused by striking any portion of the roadbed, or by striking street or steam railway rails or ties; and all loss or damage caused by the upset of the injured automobile unless such upset is a direct result of such a collision as is covered hereby.)"

The evidence for the plaintiff shows that the automobile in question had been taken to a repair shop to have some repairs made thereon. After the repairs had been made, the mechanician took the automobile and started to deliver it to the owner. He testified that he did not go directly to the

garage of the owner, but went in a round-about way, intending first to go to his home, and from thence to take the car to the owner. He was the only witness who testified for the plaintiff as to the manner of the damage to the car. He testified upon that question as follows:

"In the month of August. It was between seven and eight o'clock sometime; it was after the sun, I think, was down. Well anyhow, it must have been along about that time; I don't remember exactly. . . . Well I was going west— or east, I should say, on Norman street; this was between— I passed 13th avenue; from 13th it is quite a little steep grade down to 14th; 14th is the end of Norman street; it ends there. I think about the middle of the block some one crossed the street in front of me and I turned in close to the curb on the right hand side. When I came to 14th—it is very narrow; 14th avenue is very narrow at that point, and in making the turn—I couldn't make the turn in the street, and I went out where the sidewalk strip should be. Of course, I knew I was getting dangerously close to the edge of the bank, but I felt I was safe and was getting back into the road, when all at once, I went down the bank. . . . Of course, I knew I was headed back. I got the wheels back and I headed up 14th avenue, or should have been. I was out in the sidewalk strip, all right, but at this point the machine came up, and the next thing I knew, a man was leaning over me down the hill—down ten or fifteen feet below, and he asked me if I was hurt. I was stunned; I didn't know just exactly how long it was. I didn't lose consciousness, but I was stunned, and the machine was a few feet farther down the hill than I was, against a tree."

The witness testified that the bank at that point was steeper than 45 degrees; that these streets were asphalt paved streets; that he did not see any water drain or sluice box; that on the next day he returned to the scene of the accident and examined the place. He testified that the front end of the automobile evidently rolled down the sluice box, and that was what kept the automobile from crushing him. He then testified:

"It is a wooden box, and at one time or another—it looks like it was used for a sluice box or sewer, and that runs down the hill quite a little ways and sticks above the level of 14th avenue just a little ways . . . I should judge it would be a foot . . . Just about 20 feet before I started to make the turn, I realized I was so close to the right hand curb, it would be hard to make the turn after I got over there. I didn't realize the narrowness of 14th avenue until after I got so close—I could see it would be awful hard to make the turn into 14th avenue, and then I set the brakes, trying to slow down. I thought I was headed safely back into the street—I knew I was dangerously close to the bank, and I had the wheels turned as far as they would go to the right. I thought I was safely back on the level. It didn't go over or shoot over; it came to a sudden jar and it turned sideways."

He then goes on to explain the damage to the car.

It is not claimed by the respondent that this sluice box was in the street, or even in the sidewalk strip. The testimony shows that it was to the side of the sidewalk strip lying on the side of the hill, and projecting above the level of the street about a foot.

It seems too plain for discussion that this car was being driven down the hill at a rapid rate of speed, when the driver attempted to make the short turn to the right onto 14th street, and on the brink of the hill, the car upset and went over the hill. It was plainly a case where the car upset before it struck anything outside of the road. If the evidence of this witness is not clear upon this point, the evidence of the defendant's witnesses shows very clearly and beyond dispute that the sluice box in question was lying on the side of the hill, and not in the roadway. The marks upon the sluice box to which the plaintiff's witness referred were some distance down the hill, and showed where the car first struck the sluice box after the upset. The plaintiff's witness himself says this sluice box saved his life.

We have no doubt, from the plaintiff's own evidence, that this was a clear case of the car upsetting upon the brink of

a precipice without any other cause. It was the duty of the trial court, therefore, to have directed a verdict upon the first motion made by defendant, because the policy provides that, if the damage is caused by an upset of the injured automobile, unless such upset is the direct result of a collision such as is covered thereby, such damage is not insured against. There was no collision with any object shown. The only claim of the respondent is that there was a sudden jar. It is argued from this that the jar was caused by a collision. But aside from the mere fact of a jar, there is nothing to show that there was anything in the roadway, either movable or stationary, that the automobile could have collided with. It simply went over the bank. The jar that the witness spoke of was no doubt caused by the automobile letting loose from the roadway and starting to turn over as it went down the precipice. It is plain, we think, that the court should have directed a verdict in favor of the defendant.

The judgment appealed from is therefore reversed, and the cause ordered dismissed.

MORRIS, C. J., CHADWICK, and ELLIS, JJ., concur.