HOOSIER MUTUAL AUTOMOBILE INSURANCE COMPANY
*v.* LANAM.

[No. 11,455. Filed January 12, 1923. Rehearing denied May 11, 1923.]

1. INSURANCE.—*Policies.*—*Construction.*—While insurance policies should be construed most strongly against the insurer, yet they are subject to the same rules of construction as are applied to the language of any other contract, and the language used in an insurance policy is to be accorded its usual and popular significance. p. 631.

2. INSURANCE.—*Automobile.*—*Exemptions from Liability.*—*Construction.*—*Injury from Contact with Roadbed or Sides thereof.* —Where an automobile, in an effort to avoid a collision with another vehicle, swerved sharply, causing the rear end to skid off of the paved portion of the highway and strike sideways the soft ground with sufficient force to crush a rear wheel and cause the car to overturn, *held* that the insurer was not liable under a policy compensating for collisions, but providing that contact with the roadbed or sides thereof should not be deemed a collision. p. 631.

From Bartholomew Circuit Court; *John W. Donaker,* Judge.

Action by George Lanam and another against the Hoosier Mutual Automobile Insurance Company. From a judgment for plaintiffs, the defendant appeals. *Reversed.*

*Baker & Richman* and *Harvey Harmon,* for appellant.
*George W. Long* and *John Rynerson,* for appellees.

NICHOLS, C. J.—Action by appellees on a contract of automobile insurance.

The only error presented by this appeal is the action of the court in overruling appellant's demurrer to the complaint. The policy sued on and which is made an exhibit to the complaint promises compensation among other things for: "The accidental collision of the automobile herein insured while the policy is in force, with any object, movable or immovable, * * * provided, however, that contact with the roadbed on which said automobile is being driven, or the sides thereof, shall not be regarded as a collision, and is not a risk insured against hereunder."

It is averred in the complaint that on the —— day of June, 1921, and while said policy was in full force appellees were driving the automobile described in said policy, from Columbus, Indiana, westward on the cement road leading to Nashville, Indiana. That said road at the point of the accident hereinafter described is of the following width, dimensions and construction, to wit: That said road at the place of the accident involved is sixty feet in width from property line to property line; that the roadbed is constructed of cement, in the central portion thereof to a width of twenty-four feet, upon which vehicles travel, traveling on no part of said road on the outside of said cement; that on the north side of said roadway where the cement joins the earth the ground is level, for about two feet, with said cement roadbed, then a gradual slope downward for a distance of about three feet, the fall of said distance being about one foot, to a point level with the surrounding lands; that on the north of said road at said point is a field, which in the year 1921, was sown in wheat; that the land is cultivated up to within five feet of said

concrete and up to the point where said slope stops. That when appellees had proceeded about a mile west of the city of Columbus on said road and were driving at the rate of about twenty miles per hour along the north side thereof they attempted to pass an automobile which was being driven in front of them along the center of the public highway, and in doing so drove across the said road to the south side thereof so as to pass on the left side of said automobile; that as they started to pass said automobile they noticed a buggy drawn by a horse approaching along said south side, and, there not being sufficient room to pass between said horse and buggy and said automobile, and to prevent colliding with said horse and buggy and said automobile appellees turned their car sharply to the north and in doing so ran the front wheels of said car off of said cement roadbed on to the ground outside thereof and towards a signpost standing about two feet north of said roadbed, and he then turned said car sharply to the west and south to straighten up again and to prevent colliding with said signpost, at which time the back of his car skidded off said cement roadbed on to the ground and collided with the earth on the outside of said roadbed at a point about five and one-half or six feet north of the cement roadbed, and at the foot of said slope above described and in the south edge of the wheatfield above described, with such force as to break the right rear wheel of said car and on account of said collision with the earth outside of said roadbed, as aforesaid, which caused the breaking of said wheel, said car was upset and damaged in the sum of $172.35.

We fully recognize the rule that insurance policies should be construed most strongly against the insurer, yet they are subject to the same rules of construction as are applied to the language of any other contract, and it is fundamental that the

language of a contract is to be accorded its popular and usual significance. It is not permissible to impute an unusual meaning to language used in an insurance contract any more than to any other contract. *Bell* v. *American Insurance Co.* (1921), 173 Wis. 533, 181 N. W. 333, 14 A. L. R. 179. The fact, as averred, that the car skidded off the cement part of the road, onto the ground which was at the point of union level with the cement thereby crushing a wheel, and causing the car to turn over does not constitute a collision within the fair meaning of the insurance contract. If the wheatfield was within five feet of the concrete roadbed, it must have been at least 13 feet within the highway, for the highway was 60 feet wide, 30 feet on each side from the center. The car skidded so that its front end was to the south, and its rear wheels about five and one-half feet off the roadbed. Then the front of the car must have been on the roadbed, and the rear on the sides thereof. Any other construction would make meaningless the words "the sides thereof," as used in the policy. The accident is not covered by the terms of the policy. The following authorities, though not directly in point, are instructive: *Wettengel* v. *United States "Lloyds"* (1914), 157 Wis. 433, 147 N. W. 360, Ann. Cas. 1915A 626; *Southern Casualty Co.* v. *Johnson* (1922), (Ariz.) 207 Pac. 987; *Rouse* v. *Fire & Marine Ins. Co.* (1920), 203 Mo. App. 603, 219 S. W. 638; *Gibson* v. *Georgia Life Insurance Co.* (1915), 17 Ga. App. 43, 86 S. E. 335; *Moblad* v. *Western Indemnity Co.* (1921), (Cal.) 200 Pac. 750; *Stuht* v. *United States Fid. & Guar. Co.* (1916), 89 Wash. 93, 154 Pac. 137.

Judgment reversed, with instructions to sustain the demurrer to the complaint.

Batman, J., dissents.