## COLUMBIA INSURANCE CO. v. CHATTERJEE.

No. 13427—Opinion Filed July 3, 1923.

Rehearing Denied Nov. 20, 1923.

1. Insurance — Automobile Accident Policy —"Collision."

"Collision" means the act of one object coming violently in contact with another in motion or standing.

2. Same—Objects Included.

An object which may become the subject of a collision as contemplated by an insurance policy, which makes no exceptions, is any tangible thing, visible or capable of discernment by the senses, which offers an impediment to other objects in motion.

3. Same—Embankments — "Accidental Collision" of Automobile.

An embankment of earth is an object within the contemplation of the law of an

accident insurance policy, and an automobile which runs into it collides with an object. The injuries suffered by the collision come within provisions of an accident policy, insuring against "accidental collision."

4. Same—Liability for Injuries to Car.

Where the overturning of an automobile is the result of a collision, any injury suffered by the overturning is the indirect result of the collision, and recoverable under a policy insuring against "accidental collision."

5. Trial—Question for Court—Agreed Facts —Damages.

Where the facts are not disputed in an action for recovery of damages, plaintiff's right to recover is one of law for the court.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Muskogee County; Benjamin B. Wheeler, Judge.

Action by S. N. Chatterjee against the Columbia Insurance Co., Jersey City, New Jersey, a corporation, for recovery of damages to an automobile under insurance policy. Judgment for plaintiff, and defendant brings error. Affirmed.

Rittenhouse & Rittenhouse, for plaintiff in error.

Leahy & Brewster, for defendant in error.

Opinion by STEPHENSON, C. The plaintiff commenced his action on October 28, 1921, against the defendant in the district court of Muskogee county, for recovery on an automobile accident insurance policy. The plaintiff alleged that he was driving south in the Jefferson highway, and near a sharp turn in the road, he discovered an automobile approaching in his direction. The plaintiff alleged that he suddenly turned to the right to avoid colliding with the approaching automobile, and collided with an embankment of earth which caused the automobile to turn over and wreck itself against the embankment. The plaintiff alleged that he suffered damages in the sum sued for, by reason of the injuries to his automobile. The policy sued on insured the plaintiff against injury to his automobile resulting from "accidental collision." The policy does not make an exception of any objects.

Plaintiff testified both in direct and cross-examination that in turning his automobile to avoid colliding with the approaching automobile, it collided with the embankment of earth on the side of the roadway, which caused the automobile to turn over. The only witness put on the stand by the defendant, who testified with reference to the roadway, said that an embankment paralleled the road. There was no dispute pre-

sented by the testimony of the plaintiff or defendant on the question of the car colliding with the embankment. In this situation, it became a question for the trial court to determine whether the collision with the embankment, resulting in turning the car over and damage thereto, constituted liability against the defendant under the policy sued on.

The policy makes no exception relative to objects, so it becomes a question as to whether or not the embankment was such an object as might become the subject of "accidental collision" under the policy. An object may be defined as any tangible thing, visible or capable of discernment by the senses, which offers an impediment or resistance to another object in motion. It is immaterial whether the object collided with be in motion or standing still. The weight of opinion is that water and land are objects within the meaning of the law of accident insurance policies, and an automobile which runs into either or both collides with an object. Howard G. Harris v. American Casualty Co., Reading, Pa. (N. J.) 44 L. R. A. (N. S.) 70, 85 Atl. 194, 32 Am. & Eng. Ann. Cases 1914, D. page 846; 14 R. C. L. 1273, section 450; Berry on Damages (3rd Ed.) section 1723; Babbitt on Motor Vehicles, (2nd Ed.) 788; Southern Casualty Co. v. Johnson (Ariz.) 207 Pac. 987; Universal Service Co. v. American Insurance Co. (Mich.) 181 N .W. 1007, 14 A. L. R. 183.

It is immaterial how the car may turn over and be damaged, if the turn over is the result of a collision in the first instance, because the injury to the car in the turnover is as much due to the collision, though indirect, as if the up-set had not occurred. Under a policy containing a provision excluding damages resulting from collision due wholly or in part to up-sets, a recovery cannot be defeated where the up-set or turn-over is the result of a collision. Southern Casualty Co. v. Johnston, supra; Harris v. American Casualty Co., supra.

Some of the cases cited by plaintiff in error rest on accident policies excepting curbing, ditches, and embankments as objects of collision, and are therefore not applicable to the rule that ought to be applied where no exception of objects is made in a policy insuring against accidental collision. Where the policy insures against accidental collision, the term is broad enough to include any subject that may be the object of a collision resulting in damages to the automobile.

The facts in the instant case are very similar to the facts in the case of Southern Cas. Co. v. Johnston, supra, in which the Supreme Court of Arizona upheld plaintiff's right to recover. The various assignments of error in this case go to the question of plaintiff's right to recover, and as the facts are undisputed, it is merely a question as to whether the facts proven constitute a cause of action in favor of the plaintiff and against the defendant. The weight of authority is in favor of plaintiff's right to recover upon the undisputed facts in this case. Therefore, we recommend that this cause be affirmed.

By the Court: It is so ordered.

PER CURIAM. We have examined the record carefully upon the petition for rehearing filed by the plaintiff in error, and have reached the conclusion that the opinion prepared by the Commission and filed on the 3d day of July, 1923, affirming the judgment of the trial court, is correct and should be approved by the court, and adopted.

It is therefore ordered that the second opinion in the case prepared by the Commission, reversing the judgment of the trial court, shall be stricken from the files, and that the first opinion above referred to shall be filed in lieu thereof, and adopted and approved as the opinion of the court, and that all pending petitions for rehearing shall be and the same are hereby denied.