ANNA POLSTEIN and MAX MISHKIN, Plaintiffs, *v.* PACIFIC FIRE INSURANCE COMPANY, Defendant.

City Court of the City of New York, January, 1924.

Insurance (automobile) — action to recover on policy insuring plaintiff against damage to his automobile by " accidental collision "— when policy deemed to contain no limitation on words " accidental collision " by definition or exclusion — when insured entitled to judgment for damages resulting from overturning of automobile in avoiding an approaching car.

A policy issued by defendant insured plaintiff against damage to his automobile by " accidental collision " and outside of a limitation clause whereby the insured was not to be entitled to recover for loss or damage due to any tire, unless caused in an accidental collision which also caused other loss or damage to the automobile, there was no limitation placed upon the words " accidental collision " either by definition or exclusion.

Plaintiff was driving his car along a narrow country road and in order to avoid striking a car approaching from the opposite direction he swerved to the outer edge of the roadway, his car left the road, fell down an embankment, struck a rock and turned over. *Held*, that in an action on the policy of insurance to recover the resultant damage to the car, plaintiff was entitled to judgment.

ACTION to recover on automobile insurance policy.

*Samuel Kahan*, for plaintiffs.

*Woodson Turney*, for defendant.

CALLAHAN, J.   Defendant insurer by its policy agreed to indemnify plaintiff against damage to his automobile by " accidental collision."   Outside of a limitation clause, whereby the insured should not recover for loss or damage due to any tire unless caused in an accidental collision which also causes other loss or damage to the insured automobile, there is no limitation placed upon the words " accidental collision " either by definition or exclusion. Plaintiff was driving his car along a narrow country road.   A car was approaching in the opposite direction.   In order to avoid striking this car plaintiff swerved to the outer edge of the roadway. The car left the road and fell down an embankment, struck a rock and turned over, with the resultant damage to it which is the basis of this suit.   Collision means a striking together; violent contact; the act of colliding.   Standard Dictionary.   In simple terms it is a striking together of two objects.   Both may or may not be moving.   One may be stationary.   Anything tangible, visible, is an object.   The road is an object.   Likewise the earth. Whether vertical or horizontal makes no difference.   See Babbitt Motor Vehicles (2d ed.), § 788.   That insurers recognize the broad meaning attached to the word may well be inferred from the fact that in many instances policies of this character contain express exclusions whereby contacts with roadbeds, ditches, or contacts with road or earth, due to overturns and upsets, are specifically enumerated as not being insured against under the " collision " coverage in the policy.   *Hoosier Automobile Ins. Co.* v. *Lanan,* 137 N. E. Rep. 626; *Harris* v. *Am. Cas. Co.,* 85 Atl. Rep. 194. Even though it be assumed that there be ambiguity or uncertainty in the undefined phrase " accidental collision " the rule is familiar that in construing insurers' contracts that meaning most favorable to the insured will be adopted.   And the adoption of the dictionary definition in the absence of proof that the word " collision " has some commonly known restricted meaning in insurance contracts is surely not stressing the interpretation to a point unfair to the insurer.   The violent impact between the car and the rock, or even between the car and the embankment or the ground below it, should it be contended that the latter caused the damage, was doubtless a collision within the generally accepted usage and meaning of the word and hence within the terms of the policy in question.   Had defendant desired to absolve itself from collisions of this character the duty rested upon it to tender a policy containing appropriate restrictive or limitation clauses.   The case of *New Jersey Ins. Co.* v. *Young,* 290 Fed. Rep. 155, cited by defendant, is not in conflict with this view.   In such case a defective axle broke, the axle and frame

of the car were let down to the earth and plowed into the earth with great force, by reason of which the car was caused to overturn. The court here held that the car did not come in contact with any object until after the defective axle broke and hence the proximate cause of damage was the breaking of the axle and not an accidental collision. Judgment directed for plaintiff for $930.37.

Judgment accordingly.