T. C. POWER MOTOR CAR CO. et al., Respondents, *v.*
UNITED STATES FIRE INSURANCE CO., Appellant.

(No. 5,372.)

(Submitted January 25, 1924. Decided February 15, 1924.)

[223 Pac. 112.]

*Automobile Insurance— "Collision"—What Constitutes.*

1. Plaintiff's automobile was insured against damage by accidental collision with any other automobile, vehicle or object. The policy did not limit indemnity to a collision on the highway or to any particular kind of object with which the collision might occur. Plaintiff driving on a country road did not notice a barricade until practically upon it and in turning sharply aside drove into a ditch wrecking the machine. *Held,* that the accident constituted a "collision" within the meaning of the policy entitling plaintiff to recover under it.

*Appeal from District Court, Cascade County; H. H. Ewing, Judge.*

---

On insurance covering automobiles or indemnifying against injury or liability for injury caused thereby, see notes in 44 L. R. A. (n. s.) 70; 51 L. R. A. (n. s.) 583; L. R. A. 1915E, 575; and L. R. A. 1917F, 615.
On insurance covering damage to automobile by accident or collision, see notes in 14 A. L. R. 188; 26 A. L. R. 429.

Action by the T. C. Power Motor Car Company and another against the United States Fire Insurance Company. Judgment for plaintiffs and defendant appeals. Affirmed.

*Messrs. Freeman, Thelen & Frary,* for Appellant, submitted a brief; *Mr. G. S. Frary* argued the cause orally.

The proximate cause of the damage in this case was the automobile of respondent dropping or falling into the ditch in question. It collided with no object upon the road or upon the prairie, over which it was going, and therefore the damage does not come within the provisions of the policy of insurance. A careful analysis of the cases shows that the courts will not give a strained interpretation to a contract of insurance like the one in question. It was never intended by any of the parties to this action to cover such damage. (*Wettengel* v. *United States "Lloyds,"* 157 Wis. 433, Ann. Cas. 1915A, 626, 147 N. W. 360; *Bell* v. *American Ins. Co.,* 173 Wis. 533, 14 A. L. R. 179, 181 N. W. 733; *Moblad* v. *Western Indemnity Co.,* 53 Cal. App. 683, 200 Pac. 750; *New Jersey Ins. Co.* v. *Young,* 290 Fed. 155.)

*Mr. C. F. Holt* and *Messrs. Norris, Hurd & Rhoades,* for Respondents, submitted a brief; *Mr. George E. Hurd* argued the cause orally.

(Cases cited by Counsel incorporated in opinion.)

MR. JUSTICE STARK delivered the opinion of the court.

This action was brought by the plaintiffs to recover for damages to an automobile under a policy of insurance containing the following provisions: "In consideration of an additional premium of $22 this policy also covers * * * damage to the automobile * * * by being in accidental collision during the period insured with any other automobile, vehicle or object. * * *"

The cause was submitted to the court upon an agreed statement, which settled the question of the amount of damages

and their apportionment between the plaintiffs in the event they were entitled to recover at all, and also set forth the facts upon which the right of recovery was based, so as to leave but a single question to be determined by the court, namely: Did the damage to the automobile in question result from a "collision," within the meaning of that word as used in the policy of insurance?

The circumstances under which the automobile was damaged are detailed in the agreed statement as follows: The plaintiff Howard was driving the automobile on a public highway leading from Winnett to Lewistown. At a point near Lewistown the road was barricaded, and for some distance was not open to public travel, a fact not known to Howard. About thirty feet from the barricade a detour road leading into Lewistown had been laid out across the prairie. About 150 feet from where the detour left the main road it crossed a wash or ditch, six feet deep by fifteen feet wide, over which a bridge without any "side arms" had been built. The detour road was not graded, but by use had become well defined; the land on both sides being level. Howard did not discover the barricade until he was practically upon it, and to avoid colliding with it turned the automobile sharply to the right and off the main highway, proceeding in which course, and at a point about twenty feet distant from the bridge across the ditch or wash, the automobile ran or dropped into the same in an upright position, "and by coming in contact with the body and banks of the ditch or wash" was wrecked, causing the damage complained of. The banks of the ditch or wash were composed of earth, and both banks were level with the adjoining prairie, and "the coming of the car into contact with the body and banks of the ditch or wash was accidental, and without any design or negligence on the part of said Howard." Upon this statement of facts the trial court gave judgment in favor of the plaintiffs, from which the defendant has appealed.

For a reversal of the cause counsel for appellant advance two propositions: (1) That the body and banks of the ditch or wash are not an "object"; and (2) that the coming of the automobile into contact with them did not constitute a "collision," within the meaning of the policy. In their brief they state: "The proximate cause of the damage in this case was the automobile of respondents dropping or falling into the ditch in question. It collided with no object upon the road or upon the prairie over which it was going, and therefore the damage does not come within the provisions of the policy of insurance."

The policy provides for indemnity against damage for acci-
[1]   dental collision with an object, but does not limit it to a collision on the road or highway, nor is any restriction placed upon the kind of object with which the collision occurs; so that any accidental collision at any place with an object of any nature would be embraced within its provisions. It is agreed that the occurrence in which the automobile was wrecked was accidental.

Numerous definitions of the word "collision" are quoted in appellant's brief, which do not materially differ from each other. That taken from the Century Dictionary appears to be comprehensive and is as follows: "The act of striking or dashing together; a striking together of two bodies; the meeting and mutual striking or clashing of two or more moving bodies, or of a moving body with a stationary one; the dashing together of two railroad trains or of two boats or ships."

An "object" is defined in Webster's New International Dictionary as: "That which is put, or which may be regarded as put, in the way of some of the senses. Something visible or tangible." In common usage these terms are given a meaning which accords with the above definitions.

Applying these definitions to the facts embraced in the agreed statement, it is apparent that the conclusion of the trial court was correct. The bottom and sides of the ditch or wash are surely visible and tangible things, which may be

regarded as put in the way of some of the senses. When the plaintiff's automobile came "in contact with the body and banks of the ditch or wash" with such force as to completely wreck it, there was a meeting and mutual striking of a moving body with stationary ones, which under all the definitions constitutes a collision. A contrary holding would do violence to the plain meaning of language.

The decision of the lower court is in harmony with the construction given to the terms of similar policies of insurance by the courts of many other jurisdictions. In the case of *Harris* v. *American Casualty Co.,* 83 N. J. L. 641, 44 L. R. A. (n. s.) 70, Ann. Cas. 1914B, 846, 85 Atl. 194, the facts were that the automobile in crossing a bridge collided with the guard-rails and was thrown to the stream below. While these facts differ from those in the instant case, the court in the course of its decision holding the company liable, by way of illustration used the following language: "Suppose a person driving an automobile along a road comes to a place where a highway bridge over a chasm had fallen away, and the machine be precipitated to the ground below, can it be said that there could be no recovery under such a policy as is here sued on because the damage to the machine was caused by collision with the flat earth, instead of some upright or perpendicular object on the earth? We think not. To hold that there could be no recovery under such circumstances would be to misconstrue terms of a contract concerning which there is no room for construction, because the meaning is perfectly plain."

In *Hanvey* v. *Georgia Life Ins. Co.,* 141 Ga. 389, 81 S. E. 206, the provisions of the policy of insurance involved were in effect the same as those in this case. The plaintiff alleged in his complaint that the automobile left the roadbed, and after crossing a ditch on the side of the road ran into the embankment on the farther side of the ditch. The court held this sufficient to show a collision within the meaning of the policy, and reversed the decision of the lower court in sustaining a demurrer thereto.

In *Interstate Casualty Co.* v. *Stewart,* 208 Ala. 377, 26 A. L. R. 427, 94 South. 345, an automobile was being driven over a hill; becoming disabled near its top, the driver lost control and it ran into an embankment outside the road, striking it nearly at right angles. This was held to be a collision, and the company liable for the resulting damage, under a policy the provisions of which were similar to the one upon which this action is based.

Application of the rule involved to varying circumstances will be found in *Universal Service Co.* v. *American Ins. Co.,* 213 Mich. 523, 14 A. L. R. 183, 181 N. W. 1007; *Freiberger* v. *Globe Indemnity Co.,* 205 App. Div. 116, 199 N. Y. Supp. 310; *Hardenburgh* v. *Employers' Liability Assur. Co.,* 75 Misc. Rep. 105, 138 N. Y. Supp. 662; *Hardenburgh* v. *Employers' Liability Assur. Co.,* 80 Misc. Rep. 522, 141 N. Y. Supp. 502; *Wetherill* v. *Williamsburgh City Fire Ins. Co.,* 60 Pa. Super. Ct. 37; *Lepman* v. *Employers' Liability Assur. Co.,* 170 Ill. App. 379; *Rouse* v. *St. Paul F. & M. Ins. Co.,* 203 Mo. App. 603, 219 S. W. 688; *Southern Casualty Co.* v. *Johnson,* 24 Ariz. 221, 207 Pac. 987.

Counsel for appellant cite and rely upon the cases of *Wettengel* v. *United States "Lloyds,"* 157 Wis. 433, Ann. Cas. 1915A, 626, 147 N. W. 360; *Bell* v. *American Ins. Co.,* 173 Wis. 533, 14 A. L. R. 179, 181 N. W. 733; *Mobald* v. *Western Indemnity Co.,* 53 Cal. App. 683, 200 Pac. 750; and *New Jersey Ins. Co.* v. *Young* (C. C. A.), 290 Fed. 155. In the first of the above cases the facts were that the automobile was driven off the main road and down a bank of three or four feet into a river, causing the damage. The court construed a provision like the one in this case to mean that the collision which would create a liability under the policy must have been with an automobile, vehicle or other like object, *ejusdem generis,* and denied recovery.

In the later case of *Bell* v. *American Ins. Co.* the Wisconsin court expressly overruled the doctrine of the *Wettengel Case.* In the *Bell Case* the driver had practically stopped his car

at the edge of a street, when one side settled into the ground and the car tipped over, causing the damage, and it was held that there was no collision within the meaning of the policy, because the damage resulted from an upset or tip-over, not caused by a collision. *Mobald* v. *Western Indemnity Co.* likewise involved damages resulting from a tip-over, which was not caused by a collision.

The facts in *New Jersey Ins. Co.* v. *Young* were that, while the car was being driven along the highway at about thirty miles per hour the front axle broke, causing the broken axle and frame of the car to drop and come in contact with the roadbed, which caused the car to pivot and overturn, with resulting damages. On the theory that the proximate cause of the damage was the breaking of the axle, the court held there was no liability under a policy indemnifying the owner against damage caused by accidental collision.

Aside from the *Wettengel Case,* the theory of which was subsequently overruled by the court which announced it, none of these cases present facts at all analogous to those under consideration. Whether under similar circumstances this court would follow the reasoning of those cases it is not necessary to decide, but they have no application here.

In reason as well as on authority of the decided cases, we think the agreed statement of facts establishes a clear liability of the defendant for the damages to the plaintiffs' automobile under the policy of insurance, and the judgment so holding is affirmed.

*Affirmed.*

Mr. Chief Justice Callaway and Associate Justices Cooper, Holloway and Galen concur.