(105 So. 918)

No. 27243.

### BROWN v. UNION INDEMNITY CO.

### In re UNION INDEMNITY CO.

(Oct. 6, 1925. Rehearing Denied Nov. 2, 1925.)

*(Syllabus by Editorial Staff.)*

**1. Certiorari ⬤60—Recall of writ of review on ground that it had been erroneously granted held unwarranted.**

In action on automobile accident insurance policy, recall of writ of review, granted by Supreme Court on ground that application therefor had been made and granted on incorrect allegation that decision of Court of Appeal was in conflict with jurisprudence of Supreme Court, *held* not warranted, where application disclosed that it was based also on declaration that judgment of Court of Appeal was contrary to stipulation of policy, as well as contrary to law of state, and writ was granted under general authority conferred by Const. 1921, art. 7, § 11.

159 La.—21

**2. Insurance ⬤424—Automobile tipping over and coming in violent contact with surface of road to its damage held not "collision," within meaning of insurance policy.**

Automobile, tipping over and coming in violent contact with surface of road to its damage, as result of being turned quickly to avoid collision with another car, *held* not to have suffered "collision" within meaning of policy insuring against damage "caused solely by accidental collision with another object."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Collision.]

Certiorari to Court of Appeal, Second Circuit.

Action by William E. Brown against the Union Indemnity Company. Judgment for defendant was reversed by the Court of Appeal, and defendant applies for certiorari or writ of review. Judgment of Court of Appeal annulled, and judgment of district court reinstated and affirmed.

Barnette & Roberts, of Shreveport, for applicant.

C. H. Lyons, of Shreveport, for respondent.

ROGERS, J. The question to be answered in this case is whether recovery can be had under a stipulation in an insurance policy guaranteeing the insured against loss by reason of damage to, or destruction of, his automobile, "caused solely by accidental collision with another object," where the insured's automobile was damaged by tipping over and coming into violent contact with the surface of the road.

The scene of the accident was on the Greenwood public road near the city of Shreveport. Plaintiff's automobile was being driven in a westerly direction. Another automobile was immediately in front of petitioner's car, traveling in the same direction and on the same side of the road. Both machines were proceeding at the rate of 25 miles an hour. The first car slowed down, and the driver of plaintiff's automo-

bile turned towards its left and speeded up in an attempt to pass said car. When plaintiff's car was about to pass the other car, the driver of this car also speeded up and turned to the left for the purpose of avoiding another automobile which was rapidly approaching from the opposite direction. The driver of this car, in attempting to pass the other cars, turned to the left side of the road, which was the wrong side for it to be on, going in the direction of the city of Shreveport. In order not to collide with the second named car, the plaintiff's driver turned his car sharply to the right of the road, avoiding the other cars. In the execution of this manœuvre, plaintiff's automobile tipped over and came into violent contact with the surface of the road, breaking the body of the car, and otherwise damaging it, requiring the expenditure on plaintiff's part of $1,661.15 in order to place his machine in the same condition in which it was prior to the accident.

Plaintiff brought this suit to recover said amount from defendant under a policy which it had issued insuring plaintiff's automobile against loss for damage done to it solely by accidental collision with another object.

In the district court, defendant filed an exception of no cause of action, which was sustained, and plaintiff's suit was dismissed at his cost. On appeal by plaintiff, this judgment was reversed by the Court of Appeal for the Second Circuit, and the case was remanded to the district court for further proceedings. Defendant then applied for a writ of certiorari or review, which application was granted, and the case is now before us.

[1] The respondent, William E. Brown, filed a motion in this court to recall the writ of review, on the ground that the application therefor had been made and granted as a matter of right, upon the allegation that the decision of the Court of Appeal is in conflict with the jurisprudence of the Supreme Court, which allegation he contends is incorrect, since the question presented has not heretofore been before this court.

Respondent's motion cannot be allowed. A reference to the application of relator shows that it was based upon the declaration that the judgment of the Court of Appeal is contrary to the stipulations of the policy, as well as being contrary to the law and the jurisprudence of this state; and the case was ordered up under the general authority conferred upon this court by the Constitution, art. 7, § 11.

[2] So far as we have been able to ascertain, the question presented has not been heretofore before this court. It has been, however, the subject of adjudications by other courts of last resort. In the opinions of the Court of Appeal, one on the original hearing and the other on the rehearing, some of these cases, and many other cases involving questions of similar import, have been referred to and commented upon.

In the original opinion of the Court of Appeal, the cases of Moblad v. Western Indemnity Co., 53 Cal. App. 683, 200 P. 750, and Bell v. American Insurance Co., 173 Wis. 533, 181 N. W. 733, 14 A. L. R. 179, were cited as deciding the question in the negative, and the cases of Great American Mutual Indemnity Co. v. Jones, 111 Ohio St. 84, 144 N. E. 596, 35 A. L. R. 1023, and Fireman's Insurance Co. v. Savery (Ind. App.) 143 N. E. 612, were referred to as answering the question in the affirmative.

The author of the opinion also cited the following cases as being similar to the instant one, and as holding that the insured was protected, viz.: Freiberger v. Globe Indemnity Co., 205 App. Div. 116, 199 N. Y. S. 310; Young v. New Jersey Ins. Co. (D. C.) 284 F. 492; Interstate Casualty Co. v. Stewart, 208 Ala. 377, 94 So. 345, 26 A. L. R. 428; Universal Service Co. v. American Ins. Co., 213 Mich. 523, 181 N. W. 1009, 14 A. L. R. 183; Rouse v. St. Paul, etc., Co., 203 Mo. App. 603, 219 S. W. 688; Lepman v. Em-

ployers, etc., Corp., 170 Ill. App. 379; Harris v. American Casualty Co., 83 N. J. Law, 641, 85 A. 194, 44 L. R. A. (N. S.) 70, Ann. Cas. 1914B, 846; Hardenburgh v. Employers' Casualty Co., 78 Misc. Rep. 105, 138 N. Y. S. 662.

The following cases were then referred to, in the opinion, as maintaining the reverse of the proposition, viz.: Continental Casualty Co. v. Paul, 209 Ala. 166, 95 So. 814, 30 A. L. R. 802; Southern Casualty Co. v. Johnson, 24 Ariz. 221, 207 P. 987; Moblad v. Western Indemnity Co., 53 Cal. App. 683, 200 P. 750; Fox v. Interstate Exchange, 182 Wis. 28, 195 N. W. 842; Alexander v. Ins. Co., Supreme Court of Hawaii; Royal Hawaiian Sales Co. v. Ins. Co., Supreme Court of Hawaii; Wettengel v. U. S. Lloyds, 157 Wis. 433, 147 N. W. 360, Ann. Cas. 1915A, 626; Gibson v. Georgia Life Ins. Co., 17 Ga. App. 43, 86 S. E. 335; 14 A. L. R. 191.

And in view of these conflicting authorities, under the settled doctrine that an insurance policy which contains language reasonably susceptible to different interpretations will be given the construction most favorable to the assured, the court concluded that plaintiff's petition set forth a cause of action, and accordingly overruled the exception and remanded the case.

The Court of Appeal, in its opinion on rehearing, confirmed the views which it had previously expressed on the original hearing. The author of the opinion on rehearing exhaustively reviewed the jurisprudence on the subject. He referred to and commented upon all the cases listed in the original opinion, with the exception of the two cases decided by the Hawaiian Supreme Court, which were not accessible. In addition he cited and discussed the following cases as having more or less bearing upon the issue involved, viz.: Wetherill v. Williamsburg City Fire Ins. Co., 60 Pa. Super. Ct. 37, noted in 14 A. L. R. 189; Polstein v. Pacific Fire Ins. Co., 122 Misc. Rep. 194, 203 N. Y. S. 362;

Hanvey v. Georgia Life Ins. Co., 141 Ga. 389, 81 S. E. 206; Hoosier Mutual Auto Ins. Co. v. Lanam, 79 Ind. App. 629, 137 N. E. 626; Stuht v. U. S. Fidelity & Guaranty Co., 89 Wash. 93, 154 P. 137; Power Motor Car Co. v. U. S. Fidelity & Guaranty Co., 69 Mont. 563, 223 P. 112, 35 A. L. R. 1028.

Among the cited cases the following are valueless in the consideration of the question presented, because of the exclusion clause contained in the policy, viz.: Stuht v. U. S. Fidelity & Guaranty Co. and Harris v. American Casualty Co., in which upsets were specially excluded; Rouse v. St. Paul F. & M. Ins. Co., Hanvey v. Georgia Life Ins. Co., Hoosier Mutual Automobile Co. v. Lanam, Gibson v. Georgia Life Ins. Co., and Hardenburg v. Employers' Liability Ins. Corp. (which was reversed in 80 Misc. Rep. 522, 141 N. Y. S. 502) in which injuries caused by striking any portion of the roadbed, etc., were excluded.

With the exception of the cases to be hereinafter specially mentioned and reviewed, the other decisions referred to in the opinions of the Court of Appeal are not apt in the instant case. It is true, some of these decisions extend the meaning of the word "collision," as contained in a policy of insurance, to such incidents as an automobile falling through an elevator shaft (Wetherill v. Williamsburg City Fire Ins. Co.), where it was injured by the fall of the elevator on which it was being lowered (Freiberger v. Globe Indemnity Co.), where it was damaged by a loaded scoop of a steam shovel falling on it (Universal Service Co. v. American Insurance Co.), and where an automobile leaves the road and strikes an object outside and off the road, such as the body and banks of a ditch (Power Motor Co. v. U. S. Fire Ins. Co.), the bottom of a ditch (Fireman's Ins. Co. v. Savery), or an embankment (Interstate Casualty Co. v. Stewart), or where the driver swerved his car to the outer edge of a narrow road to avoid striking

another car, and his automobile left the road, fell down the embankment, struck a rock and turned over (Polstein v. Pacific Fire Ins. Co.). But none of these cases hold that the mere impact of the car with the surface of the roadway, due to an upset, is a collision with another object within the meaning of the language of the policy. Others of said cases hold that there was no collision in such circumstances as where an automobile ran off the main road and down a bank of three or four feet into a river, causing damage to the car (Wettengell v. U. S. Lloyds), where the car skidded on a recently regraveled highway, was overturned, and violently struck an embankment at the side of the road (Fox v. Interstate Exchange Bank). In Southern Casualty Co. v. Johnson, the question of fact was whether the injury to the automobile was caused by colliding with an embankment of earth alongside the road, or resulted from an upset or tip-over due to the automobile's being run "upon and along or over" the embankment. The court allowed a recovery, because it found as a fact that the car collided with the embankment. It took occasion to say, however, that if the established facts had been as contended for by the insurance company, namely, that the damage was due to an upset or tip-over caused by the running of the car upon and along and over an inclining embankment, there could be no recovery, for the reason that an upset and a collision are not regarded as the same.

In Continental Casualty Co. v. Paul, 209 Ala. 166, 95 So. 814, 30 A. L. R. 802, the Alabama Supreme Court held that collision did not include injuries caused by contact with the earth or object in falling over an embankment along the highway; but in St. Paul Fire & Marine Ins. Co. v. American Compounding Co., 211 Ala. 593, 100 So. 904, 35 A. L. R. 1018, the same court held that, where a car ran off a precipice, striking the rock bottom of an excavation, the impact was a "collision with an object" within the "accidental collision" clause of an insurance policy. This decision was on rehearing, after the doctrine of the case of Continental Casualty Co. v. Paul had been affirmed on the original hearing, and was by a divided court.

The question of law involved in Lepman v. Employers', etc., Corp. was whether, in order to constitute a collision, both objects must be in motion. The court held that the meaning of the word was not to be confined to a case where both the colliding objects were in motion.

The Court of Appeal, in reaching its conclusions, was apparently greatly influenced by the decision of the Ohio Supreme Court in Great American Mutual Indemnity Co. v. Jones. This is the only case cited which sustains the proposition that the insured is entitled to recover under the policy where his car upsets or tips over and is damaged by coming in contact with the surface of the road. In its decision, the Ohio Supreme Court refers to the Bell and Moblad Cases, of which more hereafter, but the opinion shows that greater weight was given to the case of Young v. New Jersey Ins. Co., decided by the United States District Court for the District of Montana, 284 F. 492, and that said case was the authority upon which the court reached its final conclusion.

In the Young Case an automobile while being driven on the highway was damaged by the breaking of the front axle and the dropping of the broken axle and the frame to the roadway, where they caught, causing the car to overturn and strike the ground with great force. The United States District Court held that the facts showed a collision, entitling the insured to a recovery under a policy insuring against damage from accidental collision with another automobile, vehicle, or object. This construction of the contract, however, was repudiated by the United States Circuit Court of Appeals for

the Ninth Circuit, which reversed the judgment of the district court. See New Jersey Ins. Co. v. Young, 290 F. 155.

In discussing the question presented. the United States Circuit Court of Appeals said, at page 156 of the opinion:

"But we are unable to construe the word 'collision' as including damage caused by the striking of the car upon the roadway after the defective axle broke and let the car down. / The automobile was being driven upon the highway. It did not come in contact with any object upon the road or roadway until after the defective axle broke, when the car dropped and the end of the broken axle plowed into the roadway itself, and the car, pivoting on the broken axle, turned over and was damaged. In a usual sense, an accidental collision between an automobile and another object means striking against something on the road; for instance, hitting a pedestrian, or a horse, or a cow perchance straying in the road, or a rock or stump upon the roadway, or a guard rail, such as is often placed in the road at points where repairs are being made, or where the automobile hits or rubs the side of a tunnel or embankment or bridge alongside or defining the road. In other words, we think the language of the contract, when accorded the ordinary and usual meaning that should govern, does not extend to the incident under consideration, where the proximate cause was the breaking of the defective axle, and damage was not by 'being in accidental collision' with an object."

The case of Bell v. American Ins. Co. is exactly in point. In that case the driver of an automobile was endeavoring to turn his car, and, while doing so, backed it upon soft ground, where it gradually settled, tipped over, and struck the ground. In construing a policy similar to the one in the Young Case, the Supreme Court of Wisconsin used the following language, viz.:

"While it is true that insurance contracts should be construed most strongly against the insurer, * * * yet they are subject to the same rules of construction applied to the language of any other contract. It is a fundamental rule [of construction] that the language of a contract is to be accorded its popular and usual significance. It is not permissible to impute an unusual meaning to language used in a contract of insurance any more than to the language of any other contract. The incident causing the damage to the automobile here in question is spoken of in common parlance as an upset or tip-over. If it were the purpose to insure against damage resulting from such an incident, why should not such words, or words of similar import, have been used? We cannot presume that the parties to the contract intended that an upset could be construed as a collision in the absence of a closer association of the two incidents in popular understanding."

In Moblad v. Western Indemnity Co., the language of the policy read, "If caused solely by collision with another object." There the edge of a roadway on which an automobile had been swerved to avoid a collision gave way, causing the car to run down an embankment and to overturn and roll down the side of a mountain. The court held that the proximate cause of the damage was the overturning of the car on the edge of the road, and that the proximate and only cause of the accident was not a collision but the upsetting of the automobile.

Another case in point is London Guaranty & Accident Co. v. Sowards, decided in 1923 by the Supreme Court of Canada and reported in 2 D. L. R. at page 495. This case evidently was not called to the attention of the Court of Appeal, since it is not referred to in either of the opinions of said court. There the policy provided for indemnity for damage to insured's automobile in an "accidental * * * collision with any other automobile, vehicle, or object." The insured was denied recovery for injuries to his car, sustained when it struck a rut in the road and was upset on its side and went into the ditch. The court held that this could not be considered a collision within the meaning of the policy.

One of the latest and most pertinent judicial expressions on the question before us is to be found in Great Eastern Casualty Co. v. Solinski, decided by the Supreme Court of Tennessee in 1924, 150 Tenn. 206, 263 S. W. 71, 35 A. L. R. 1007. In that case the policy insured the policy holder against loss by rea-

son of damage or destruction of his automobile "if caused solely by collision with another object either movable or stationary." There the driver of insured's car suddenly applied the brakes in responding to what he thought to be a signal light to stop at a railroad crossing. Upon the application of the brakes the car skidded, swerving and reversing its position. Its right rear wheel collapsed, and it was precipitated on its right side upon the roadbed. The court held that there was no collision within the meaning of the policy; there being nothing in the road but a little loose gravel. The court reached its conclusions, after reviewing the following cases, viz.: Bell v. American Ins. Co.; N. J. Ins. Co. v. Young; Moblad v. Western Indemnity Co.; Continental Casualty Co. v. Paul; Ploe v. International Indemnity Co., 128 Wash. 480, 223 P. 327, 35 A. L. R. 999; London Guaranty & Acc. Co. v. Sowards; Harris v. American Casualty Co.; Universal Service Co. v. American Ins. Co., etc.; Wetherill v. Williamsburgh Fire Ins. Co.; Hardenburgh v. Employers', etc., Corp.; Power Motor Car Co. v. U. S. Fire Ins. Co.; Stix v. Travelers' Indemnity Co., etc., 175 Mo. App. 171, 157 S. W. 870; Columbia Ins. Co. v. Chatterjee, 93 Okl. 249, 219 P. 102; and Gans v. Columbia Ins. Co. (1924), 99 N. J. Law, 44, 123 A. 240.

The court specially approved the Young, Bell, and Ploe Cases, and at page 74 of the opinion (150 Tenn. 217) said:

"The thought expressed in the above cases is that the collision clause refers to some other object than the road upon which the automobile is being operated. Being already upon the road, and in contact with it, there can be no collision in the sense that the term contemplates two separated objects coming together."

It is our conclusion, after careful consideration of the question presented and review of the authorities enumerated, that the defendant company is not liable on the policy sued on herein. To hold otherwise would be to give the language of the policy a strained and unnatural construction, and one that in our judgment was not contemplated by the parties. The so-called collision alleged by plaintiff was the contact of the automobile with the roadway caused by the upsetting or tipping over of the car. Now it is a matter of common understanding that an automobile, to be of any practical value and utility, must travel on streets and roads. In order to do so, it is necessarily, at all times, in contact with the surface of the street or roadway. If the car upsets or tips over, the effect is merely to transfer the point of contact from its wheels to its side or to that portion of the machine that rests upon the roadway. We do not think that such circumstance can be said to be a collision in popular understanding of the word and within the meaning of the policy.

For the reasons assigned, the judgment of the Court of Appeal is annulled, and the judgment of the district court is reinstated and affirmed at plaintiff's cost.