Anselmo Ortiz León, demandante y apelante, *v.* The Porto Rican & American Insurance Company, demandada y apelada.

No. 4152.—*Visto:* Abril 20, 1927. *Resuelto:* Julio 26, 1927.

1. Seguros—Riesgos y Causas de Pérdidas—Seguros de Propiedades y Títulos Colisiones.—Cuando un automóvil choca con un montón de tierra en una carretera, el consiguiente impacto es considerado como una colisión.
2. Seguros—Riesgos y Causas de Pérdidas—Seguros de Propiedades y Títulos—Causa Próxima de la Pérdida.—Una disposición en una póliza de seguro contra pérdida por colisión del vehículo asegurado al efecto de que la compañía aseguradora no será responsable por daños o destrucción causados directa o indirectamente por fuego no exime a dicha compañía de responsabilidad bajo la póliza aunque el fuego sea en cierto sentido la causa de la pérdida, cuando la causa próxima de dicha pérdida es el choque del objeto asegurado con un montón de tierra—la colisión—y no el fuego que se produjo como consecuencia natural del choque al volcarse el carro.

Sentencia de *Pablo Berga*, J. (San Juan), declarando sin lugar la demanda, sin costas. *Revocada.*

*O'Neill & O'Neill*, abogados del apelante; *F. Soto Gras*, abogado de la apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

[1] El día 4 de mayo de 1924 mientras el demandante guiaba por la noche un automóvil chocó con un montón de tierra en la carretera nueva de Santurce. El automóvil se volcó y como consecuencia se produjo un incendio y a causa de estos dos accidentes—la volcadura y el incendio—el automóvil fué destruído completamente. Según el peso de las autoridades, cuando un automóvil choca con un montón de tierra en una carretera, el consiguiente impacto es considerado como una colisión y si el automóvil está asegurado contra colisión generalmente puede obtenerse una indemnización. *Fábregas* v. *Porto Rican & American Ins. Co.*, 31 D.P.R.

667, y casos; *Pred* v. *Employers' Indemnity Co.*, 35 A.L.R. 1003, y casos; *Power Motor Co.* v. *United States Fire Ins. Co.*, 35 A.L.R. 1028, 223 Pac. 112; *Interstate Casualty Co.* v. *Stewart*, 208 Ala. 377, 44 So. 345, 26 A.L.R. 427, casos y nota; *Yorkshire Ins. Co.* v. *Buoch Morrow Motor Co.*, 212 Ala. 588, 103 So. 670; *Wood* v. *Southern Casualty Co.*, (Tex.) 270 S.W. 1055.

La corte inferior declaró probado que había ocurrido una colisión según se define en el caso de *Fábregas, supra.*

[2] El demandante poseía una póliza de seguro contra pérdida causada por colisión, por la cual su causante había pagado la suma de $63.75. Según la póliza, en caso de destrucción del automóvil la responsabilidad de la compañía sería $100 menos que el valor total del automóvil destruído. Sin embargo, la póliza de seguros contenía la siguiente cláusula:

"A indemnizar al asegurado en dichas garantías contra pérdida por razón de daños a o destrucción de cualesquiera de los automóviles enumerados y descritos en dicha póliza, incluyendo su equipo de operaciones mientras unido a los mismos, si causada solamente por colisión accidental con otro objeto fijo o en movimiento, excluyéndose sin embargo (*a*) daños causados por la caída o vuelco de cualesquiera de dichos automóviles, a menos que tal caída o vuelco sea el resultado directo e inmediato de tal colisión accidental; (*b*) daños o destrucción causados directa o indirectamente por fuego."

La compañía demandada alegó que como la totalidad del daño fué prácticamente causada por el incendio ella no era en manera alguna responsable por la pérdida, y la Corte de Distrito de San Juan estuvo conforme con la compañía demandada.

Creemos que el apelante tiene mucha razón cuando sostiene que la causa próxima de la pérdida en este caso no fué el fuego sino el choque. Como el automóvil estaba asegurado contra colisión y todo el daño causado fué el resultado o consecuencia de la colisión, la misma fué la causa eficiente del daño en este caso. En cierto sentido limitado el

fuego fué causa de pérdida, pero no fué la causa de la pérdida dentro del entendimiento de las partes en dicho contrato. El tenedor de la póliza tomó un seguro contra colisión. Aseguró contra colisión y sus consecuencias naturales. El fuego es una consecuencia natural y probable de un choque violento en un vehículo que funciona por medio de una sustancia inflamable como la gasolina. Cuando la compañía aseguró contra colisión debe haber tenido en mente los resultados naturales y probables de tal eventualidad. Dentro del significado de la póliza la pérdida o daño no fueron causados directa ni indirectamente por fuego, sino que fueron el resultado de la colisión. Las palabras "directa ni indirectamente causados por fuego" de acuerdo sustancialmente con todas las autoridades se refieren a la causa o accidente que puso en movimiento todas las demás causas o efectos y fué la causa próxima o eficiente del suceso.

El caso varía cuando una de las causas posteriores es la comprendida claramente en la intención de las partes en una póliza de seguro, como se demuestra en la opinión de la Corte Suprema de los Estados Unidos en el caso de *Insurance Co.* v. *Transportation Co.*, 12 Wall. 194. El vapor Norwich estaba asegurado contra incendio. Debido a un choque entró el agua en el horno de las máquinas, propagando el fuego, y el barco se incendió y se hundió. Por efecto del choque solamente no se hubiera hundido; su hundimiento se debió inmediatamente al fuego. El asegurado cobró como por una pérdida por incendio. La corte dijo: "Pero está bien establecido que cuando una causa eficiente más inmediata al siniestro es un riesgo contra el que existe un seguro expreso, el asegurador no puede ser relevado de responsabilidad por el hecho de demostrar que la propiedad fué llevada dentro del alcance de dicho riesgo por una causa no mencionada en el contrato." El efecto de esta decisión es que aún cuando la causa de una pérdida no sea la causa próxima de tal pérdida sin embargo el demandante puede cobrar si demuestra que la causa o suceso subsiguiente era

la contingencia contra la que se hizo el seguro.   Como veremos más adelante ese caso es la excepción que indica la regla general.

El caso de *Waters* v. *Merchants' Louisville Insurance Co.,* 11 Pet. 213, es uno de los casos más antiguos y capitales sobre la causa próxima de pérdida bajo pólizas de seguro. Hubo alguna discusión en dicho caso sobre si una explosión causada por fuego era una pérdida por fuego o por explosión meramente.   La corte fué de opinión que como la explosión fué causada por fuego éste fué la causa próxima de la pérdida, y también dijo lo siguiente: ''Es un principio bien establecido del derecho común que en todos los casos de pérdida debemos atribuirla a la causa próxima y no a causa alguna remota; *causa proxima non remota spectatur.*''

En el caso de *The G. R. Booth,* 171 U.S. 450, el Juez Sr. Gray fué el portavoz de la corte.   Citando del sumario, los hechos del caso fueron como sigue:

''Una disposición en un conocimiento de embarque al efecto de que el porteador 'no será responsable por pérdida o daño causados por los peligros del mar,' o por 'accidentes de la navegación,' no exime al porteador de responsabilidad por daños aparte de la carga ocasionado por el agua del mar en las siguientes circunstancias: Mientras el barco era descargado en el muelle en su puerto de llegada, una caja de explosivos que había en su bodega explotó sin culpa de ninguna persona encargada de la transportación o descarga de la mercancía, y la explosión causó un gran agujero en el costado del barco, por el cual el agua rápidamente fué entrando a la bodega y dañó otras mercancías.''

En el curso de la opinión la corte dijo:

''En el presente caso la explosión de la caja de detonadores, además de causar otros daños, abrió el costado del barco más abajo de la línea de flotación y el agua del mar rápidamente penetró por la abertura hecha por la explosión y dañó el azúcar del demandante.   La explosión a consecuencia de la cual y por cuya resultante abertura el agua inmediatamente penetró en el barco debe ser considerada como la causa predominante, eficiente, próxima y responsable del daño causado al azúcar, de acuerdo con cada una

de las pruebas establecidas en las sentencias de este tribunal, a que antes nos hemos referido. El daño al azúcar fué un efecto que se determinó inevitablemente, y de absoluta necesidad, por la explosión, y debe por tanto atribuirse a esa causa. La explosión concurrió, como agente eficiente, con el agua, en el instante en que el agua penetró en el barco. La entrada del agua tratando de encontrar un nivel por la mera fuerza de gravedad no fué una causa nueva e independiente sino el resultado y efecto necesario e instantáneo de la rotura del costado del barco por la explosión. Habiendo dos causas concurrentes productoras del daño—la explosión de los detonadores y la entrada del agua—sin un apreciable intervalo de tiempo ni posibilidad alguna de distinguir el montante del daño causado por cada una, la explosión, como la causa que puso al agua en movimiento y le dió su poder para causar daño en el momento del desastre, debe ser considerada como la causa predominante. Fué la causa primaria y eficiente, la que necesariamente puso en ejercicio la fuerza del agua; fué el factor superior o dominante, del cual el agua fué el incidente o instrumento. La entrada del agua del mar no fué una causa intermedia, desconectada de la causa primaria, y con funcionamiento propio; no fué una nueva e independiente causa del daño; sino por el contrario un incidente, un incidente y consecuencia necesarios de la explosión; y parte de una cadena continua de sucesos causados por la explosión—sucesos tan entrelazados unos con otros que forman un todo.''

Y más adelante la corte dijo:

''Como materia de principio y de precedente, por lo tanto, nuestra conclusión es que la explosión y no el agua del mar fué la causa próxima del daño al azúcar y que ese daño no fué ocasionado por los peligros del mar dentro de las excepciones contenidas en el conocimiento de embarque.''

Se hizo alguna referencia al caso de *Waters* v. *Insurance Co., supra,* pero más particularmente la corte se refirió al de *Insurance Co.* v. *Transportation Co., supra,* citando parte de lo que nosotros hemos citado, así como también lo siguiente:

''Y ciertamente aquella causa que puso a la otra en movimiento y le dió su poder para causar daño al tiempo del desastre, debe quedar como predominante.''

Entonces pasa el Juez Sr. Gray a decir lo siguiente:

"Se resolvió que la regla era inaplicable a dicho caso porque el daño resultante del fuego y el causado por la colisión, independientemente del fuego, podían claramente distinguirse; y porque la póliza, que eximía a los aseguradores por responsabilidad por pérdidas ocasionadas por fuego debido a ciertas causas específicas, cubría pérdidas por fuego debido a cualesquiera otras causas, incluyendo colisiones. De no ser por estas distinciones, la decisión podría difícilmente reconciliarse con las más antiguas opiniones a que hemos hecho referencia, ni con la emitida por el mismo experto y cuidadadoso juez en el caso posterior de Insurance Co. v. Boon, 95 U. S. 117."

No invertiremos más tiempo en revisar el caso de *The G. R. Booth,* pero la decisión en su totalidad merece ser leída debido al cuidadoso análisis de la frase "causa próxima" en relación con los casos de seguro y las pérdidas bajo conocimiento de embarque.

Del caso de *Wheeler* v. *Phoenix Insurance Co.,* (N.Y.), reportado en 38 L.R.A. (N.S.), página 474, se cita como sigue la excepción contenida en todas las pólizas corrientes sobre seguros contra incendio:

"Esta compañía no será responsable por pérdidas causadas directa o indirectamente por invasión, insurrección, motín, guerra civil o tumulto, el poder militar o usurpado, o por orden de alguna autoridad civil; o por hurto; o por la negligencia del asegurado de emplear todos los medios razonables para guardar y preservar la propiedad en y después de un incendio o cuando la propiedad esté en peligro por incendio en propiedades vecinas; o por explosión de cualquier clase, a menos que sobrevenga un incendio, y en ese caso sólo por el daño causado por el incendio."

Se resolvió en dicho caso que cuando una explosión es debida a fuego en un edificio el asegurador no queda exento de responsabilidad por la pérdida sufrida, bajo una póliza asegurando contra pérdidas por incendio, excepto pérdidas causadas directa o indirectamente por explosión de cualquier clase, a menos que sobrevenga un incendio, y en ese caso sólo por la pérdida causada por el incendio. Como se de-

muestra en ese caso y en las notas, cuando una explosión ocurre en la propiedad asegurada durante el curso de un incendio en la misma, tal explosión es considerada como un mero incidente del incendio previo, considerándose el incendio como la causa eficiente; y la pérdida total es el riesgo asegurado.

Se citan también casos en 10 British Ruling Cases 211; 22 R.C.L. 217; 133 A.S.R. 1091, 1093; Ann. Cas. 1913A, 1300; 5 Ann. Cas. 782; y véase también el de *Mitchell v. Potomac Ins. Co.,* 183 U.S. 42.

Uno de los casos más claros es el de *Western Ins. Co. v. Skass* (Col.), 171 Pac. 358. El abogado de la compañía de seguros había tratado de distinguir un caso anterior de la Corte Suprema de dicho estado. La corte dijo:

"La regla expuesta en la opinión en el caso de Hyman está de conformidad con la mayoría si no con todas las decisiones de las varias cortes que han determinado la responsabilidad de un asegurador bajo una póliza de seguro contra incendio contentiva de esta cláusula usual sobre explosión, en casos en que, como en el presente, un fuego hostil ha precedido a y causado la explosión, y ésta ha sido un incidente de dicho fuego."

Y la corte citó numerosos casos, y en particular el de *Transatlantic Fire Insurance Co. v. Dorsey,* 56 Md. 70, 40 Am. Rep. 403, del cual reprodujo especialmente lo siguiente: "En tal caso el incendio es la causa directa y eficiente de la pérdida, y la explosión sólo el incidente, y si los aseguradores se proponen excluir tal responsabilidad deben hacerlo en términos claros e inequívocos."

En el caso de *Bird v. St. Paul Fire & Marine Ins. Co.,* 224 N.Y., el Juez Sr. Cardozo dice, en la página 50, lo siguiente: "No hay duda de que cuando un fuego se propaga a un edificio asegurado y allí causa una explosión, el asegurador es responsable por todo el daño." En ese caso el incendió causó una explosión y la explosión se comunicó a una embarcación a mil pies de distancia. La corte resolvió que la causa del daño fué demasiado remota y no estaba com-

prendida dentro de la intención de las partes contratantes. Y citando a Lord Shaw dijo: "La misma causa, productora del mismo efecto, puede ser próxima o remota según que el contrato de las partes parezca ponerla a la luz o a la sombra. Debe considerarse predominante aquella causa que las partes hubieran de considerar predominante. Un criterio de sentido común sobre las formas de palabra y de pensamiento corrientes en la vida diaria es lo que nos debe decir hasta dónde podemos llegar."

En el ambiente de estos precedentes y antecedentes fué que nació a la vida el seguro contra colisiones. La cláusula eximiendo de responsabilidad por fuego fué probablemente incluída teniendo en mente las disposiciones de la póliza de incendio corriente. Indiscutiblemente cuando un hombre toma una póliza de seguro contra colisión la intención de ambas partes es que sea indemnizado por pérdidas por colisión y por los casi necesarios incidentes de la misma, como el incendio. Decir que los efectos de un incendio causado por colisión pueden ser excluídos es exponer una contradicción de términos. Una colisión es el choque violento entre dos objetos, y una violenta fricción de dos objetos tiende a producir una llama. Este era el método que en remotos tiempos usaba el hombre para producir fuego.

Si el objeto era excluir todos los daños por fuego, de acuerdo con la jurisprudencia el contrato debió haber sido expresado en distinto lenguaje.

*La sentencia apelada debe ser revocada y dictarse otra a favor del demandante por la suma de $1,100.*

El Juez Asociado Sr. Franco Soto disintió.

OPINIÓN DISIDENTE DEL JUEZ ASOCIADO SR. FRANCO SOTO.

No estoy conforme con la mayoría.

Como cuestión de hecho sostengo que no hubo colisión.

El demandante, que declaró como testigo, en parte dijo: "que al pasar el montón fué que ocurrió el accidente, se inició allí; que el vuelco ocurrió al terminar el carro de pasar

el montón, terminó allí; que no puede precisar de qué lado cayó el carro; que su carro pudo caer a la derecha, como pudo también pasar que las ruedas del lado derecho se inclinaran y al encaramarse se volcara hacia el lado izquierdo, siendo un lado más alto que el otro.''

Esta parte del testimonio del demandante parece que tuvo que pasar desapercibida para la mayoría de la corte, porque es el único modo de que pueda explicarse la conclusión errónea de la corte declarando que hubo choque entre el carro del demandante y el montón de tierra que se encontraba a un lado de la carretera nueva de Santurce. Los hechos del caso de *Fábregas* v. *Porto Rican & American Ins. Co.,* 31 D.P.R. 667, son tan distintos al presente caso que en nada puede ser aplicable. En aquel caso se trataba de un automóvil que se fué por un precipicio y se detuvo al llegar al fondo del mismo, y aunque el parecer de las autoridades no es unánime, se sostuvo que el contacto del automóvil con la tierra fué una colisión. No veo la más ligera semejanza de estos hechos para que se pueda aplicar de algún modo al caso que nos ocupa.

La cuestión legal relativa a la interpretación de la cláusula cubriendo el riesgo sobre colisión, es de suma importancia. La cláusula dice:

''A indemnizar al asegurado en dichas garantías contra pérdida por razón de daños a, o destrucción de cualesquiera de los automóviles enumerados y descritos en dicha póliza, incluyendo su equipo de operaciones mientras unido a los mismos, si causada solamente por colisión accidental con otro objeto fijo o en movimiento, excluyéndose, sin embargo, (a) daños causados por la caída o vuelco de cualesquiera de dichos automóviles, a menos que tal caída o vuelco sea el resultado directo e inmediato de tal colisión accidental; (b) daños o destrucción causado directa o indirectamente por fuego.''

Hasta donde han podido llegar mis pesquisas, no he encontrado autoridad alguna que directamente haya interpretado, en relación con seguros de automóviles, cláusula concebida en iguales o parecidos términos a la que es objeto

de este pleito, y parece que a falta de jurisprudencia aplicable la tendencia ha sido aplicar hasta donde es posible, los principios que se habían establecido respecto a pólizas asegurando riesgo por colisión ocurrida entre buques.

En el caso de *New York & Boston Dispatch Express Co. v. Trade and Merchants Insurance Co.,* 42 Am. Rep. 441, se trataba de una póliza cubriendo contra incendio ciertos géneros que transportaba un buque. Los géneros fueron averiados por efecto de una colisión con otro buque. Un fuego siguió al choque y el buque se hundió, llevando consigo los géneros, los que, sin embargo, no se quemaron. Aunque los términos de la póliza están invertidos al ejemplo del caso que nos ocupa, pues en aquél el riesgo que cubría la póliza era contra incendio y no por colisión, el principio aplicable es el mismo. La corte en su opinión se expresa así:

"El demandado sostiene que los efectos de los demandantes fueron averiados por el hundimiento del barco y como el agua que penetró por el agujero ocasionado por la colisión hizo que éste se hundiera, por tanto, fué la colisión y no el incendio la causa de la pérdida. Indudablemente la avería ocasionada por el choque hubiese hecho que el barco se hundiera y por consiguiente hubiese averiado la propiedad de los demandantes; y si ésta hubiese sido la única causa que intervino, los demandantes no pueden recobrar indemnización alguna, ya que el seguro no es contra colisión sino solamente contra incendio. Pero si había a la mano medios y aparatos con los cuales pudo impedirse tal resultado y la intervención de un nuevo factor, es decir, del incendio, impidió el uso de éstos, entonces el fuego fué la causa próxima e inmediata de la pérdida. Agregó un nuevo elemento de destrucción que hizo imposible dominar o impedir las consecuencias naturales de la colisión."

En este caso se citan otros casos más, y entre éstos el de *Howard Ins. Co. v. Transportation Co.,* 12 Wall. 194, 42 Am. Rep. 443, y en éste el buen razonamiento de la corte es como sigue:

"El barco del demandado en el recurso de error fué averiado por una colisión a consecuencia de la cual éste se llenó rápidamente de agua y se desarrolló un incendio. El jurado declaró que el daño

ocasionado por el hundimiento del barco fué tan sólo el resultado natural del incendio. También se declaró que el agua no hubiese hecho que el barco se hundiera más allá de la cubierta si no hubiese intervenido alguna otra causa para el hundimiento. El Juez Strong, en una opinión muy luminosa, considera la cuestión de causa próxima. Y en respuesta a las contenciones del peticionario en el recurso de error de que el hundimiento del barco fué el resultado de dos causas concurrentes, una de incendio y la otra el agua que penetró por el agujero producido por la colisión, dice: 'Como la afluencia de agua fué consecuencia directa de la colisión, se alega que ésta fué la causa predominante y por consiguiente la causa próxima de la pérdida. Al argumentarse así, se pasó por alto el hecho claramente demostrado, de que el daño resultante del hundimiento del barco fué únicamente el resultado natural y necesario del incendio. Si se dijera que esto tan sólo era una inferencia de hechos anteriormente demostrados, no por eso sería necesariamente una conclusión legal. Pero no necesitamos descansar sobre esto. Fuera de esa conclusión, las otras conclusiones, de hechos indudablemente, demuestran que ni la colisión ni la presencia de agua en la bodega del barco fueron la causa predominante de su hundimiento. Para que tal cosa sucediera era necesaria la intervención del incendio. Se ha demostrado que el agua no hubiese causado que el barco se hundiera más allá de su cubierta si no hubiese intervenido alguna otra causa. El barco hubiese cesado de hundirse al llegar el agua a la cubierta. Los efectos del incendio contribuyeron al accidente. Por tanto, el incendio fué la causa predominante, así como la más próxima de la catástrofe que no sólo directamente contribuyó a todo el daño ocasionado después que el vapor se había hundido hasta la cubierta, sino que aumentó el poder destructivo del agua e hizo que el barco se hundiera con toda seguridad.' Véanse también los casos de St. John v. American Ins. Co., 1 Kern. 516; Peters v. Warren Ins. Co., 14 Pet. 99.''

Este último caso tuvo que distinguirse en el caso de *The G. R. Booth,* 171 U.S. 450, que cita la mayoría, y necesariamente parece que tuvo que hacerse así debido a la solidez del razonamiento del Juez Strong.

Además, dada la forma en que está redactada la póliza en el presente caso, las autoridades citadas por la mayoría, las que interpretan cláusulas diferentes, no pueden tener la influencia o alcance que se le ha querido dar.

La póliza en este caso no podía ser más clara en sus términos. En ella se estipulaba que sólo el daño causado por la colisión, como distinto al causado directa o indirectamente por el fuego, quedaría cubierto por la póliza. Yo no concibo que las palabras "directa o indirectamente causadas por el fuego" se refieran, según la mayoría, "a la causa o accidente que pone en movimiento todas las demás causas o efectos y sea la causa próxima o eficiente del suceso." Se dice esto de acuerdo con las autoridades, las que no se citan. Sería curioso conocer el ejemplo de un caso en que un fuego ponga en movimiento a un automóvil de manera que pueda sobrevenirle una colisión. Tal vez lo que se ha querido decir, y así hubiera sido más claro, es que el fuego se produjera antes del choque. La cuestión sería entonces de suyo tan sencilla para que mereciera ser discutida. Pero esto es lo que no ha querido decir la póliza. El significado del lenguaje usado por los aseguradores es como sigue: "Le aseguramos su propiedad contra colisión, excepto en caso de fuego subsiguiente, cualquiera que fuera la causa, así es que le pagaremos los daños causados por el choque y no los causados por el fuego." Este es el significado literal de la cláusula del contrato. La cláusula así establecida tiene el fin de evitar el fraude y seguramente éste fué el proceso mental de las partes al hacer el contrato. El efecto de un choque generalmente no destruye un automóvil y un fuego sí lo destruye totalmente. La corte lo que ha hecho es enmendar el contrato de tal modo que ha impuesto a la compañía una obligación que no tiene: hacerla responsable del riesgo de incendio sin el asegurado pagar una prima por ese concepto. La cláusula del contrato ha sido desatendida y la imaginación es la que ha actuado, haciendo comprender en ella una cosa bien distinta de aquella sobre la cual los interesados se propusieron contratar. Véase el artículo 1250 del Código Civil Revisado.

Por las razones expuestas he llegado a la conclusión que

debió confirmarse la sentencia apelada, la que declaró sin
lugar la demanda.